Clarence HILL, Jr., by his Guardian and next friend Ellese Hill, Appellant,

v.

METROPOLITAN LIFE INSURANCE CO., a corporation, Appellee.

No. 1919.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 22, 1957.

Decided March 22, 1957.

---

1. See Rodkinson v. Haecker, 248 N.Y. 480, 162 N.E. 493.

Dorsey E. Lane, Washington, D. C., for appellant.

John E. Powell, Washington, D. C., with whom Arthur P. Drury and John M. Lynham, Washington, D. C., were on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

Clarence Hill, Sr., was an employee of the Federal Government whose life was insured under a group policy issued to the United States Civil Service Commission by Metropolitan Life Insurance Co. pursuant to the provisions of the Federal Employees' Group Life Insurance Act of 1954.[1] Having been born October 6, 1886, he had reached his 65th birthday in 1951. His insurance protection became effective pursuant to the Act on or about September 1, 1954, when he was more than 67 years old. He died on April 4, 1956, at the age of 69.

The insurance company paid Clarence Hill, Jr., the beneficiary, the sum of $1,000, and refused to pay any additional sum, for the reason that the amount of coverage had been reduced because of decedent's age. The beneficiary brought this action for $3,000 in the court below. Defendant insurance company filed an answer, and later filed a motion for summary judgment, supported by an affidavit.

At the hearing of the motion plaintiff conceded that there was no material issue of fact. The trial court awarded judgment to defendant, and the case is here on plaintiff's appeal. The case is one of first impression and is of great interest and im-

---

1. 68 Stat. 736 (1954), as amended, 5 U.S.C.A. § 2091.

portance to many persons who are now or may later come under the provisions of the Act which we shall discuss and interpret.

The Act authorized the Civil Service Commission to make available, through private companies, group life insurance for civilian officers and employees in the Federal and District of Columbia service. The Act provides that each employee to whom it applies shall be eligible to be insured for an amount of group life insurance related to his annual compensation, but not exceeding $20,000.[2] Except for the factor we are about to discuss, and on which this appeal turns, Clarence Hill, Sr., would by virtue of the amount of his salary have been entitled to coverage in the sum of $4,000. But, as we shall see, coverage in that amount was never extended to him, because his age status had set in motion a series of deductions prescribed by the Act.

To make the plan for term insurance actuarially sound,[3] Congress wrote into Section 3(d) of the Act provisions for reductions of 2 percent per month in the coverage for persons over the age of 65, but prescribed a minimum or floor of 25 percent of the insurance otherwise in force immediately preceding the first reduction. The issue in this case concerns the application of those provisions to the coverage given Clarence Hill, Sr.[4]

Appellant contends that where, as here, an employee under the Act becomes insured after age 65, the reductions are "prospective" from the date of insurance, and are not "retrospective" to his 65th birthday. The inescapable difficulty with that contention is that it is bottomed on a legislative proposal which was never enacted into law: a provision which would not have made the

reductions operative until one year after the date of insurance.[5] As explained at the hearings on the bill, this was intended to provide full coverage for one year to a person 65 or over before the reductions were to operate.[6] However, that proposal was discarded. Nevertheless appellant reasons that Congress, by not adopting the unreduced one-year coverage, intended reduction to commence from the date of insurance.

We think appellant is in error. His argument takes no cognizance of the provisions actually enacted (which we shall quote in a moment) as distinguished from what was only proposed; and in the final analysis is predicated upon an erroneous assumption of factors vital to decision. He assumes that the significant date for determining the amount of coverage of one who first becomes insured after age 65 is the date of insurance and that the coverage of the deceased on that date was $4,000.

At this point it is helpful to note, as Congress recognized, that two groups of persons over the age of 65 would be affected by the reduction of coverage provisions. In the first group are those who become insured prior to age 65, and in the second those who become insured after that age. Under appellant's theory, if the reductions were to apply for the first group from their 65th birthday, but for the second group only from the date of insurance, then it is immediately apparent that on a given date the coverage for a person of the first group would be less than that for a person of the same age who did not acquire insurance until after his 65th birthday. Moreover, the same inequality of coverage would result for persons of the

---

2. Section 3(a).

3. See debate in the House of Representatives, 100 Cong.Rec., Part 10, 13147–8.

4. Pertinent Regulations of the Civil Service Commission, the group policy issued to that agency, and a certificate given to the insured, all follow generally the enabling statute. The parties are in agree-

ment that the case depends on a construction of the statute itself.

5. S. 3507, 83d Cong., 2d Sess. (1954).

6. Hearings before the Committee on Post Office and Civil Service of the Senate on S. 3507, 83d Cong., 2d Sess. (1954), at 34.

same age who became insured at different times after 65.

■ Congress decided not to enact the proposals which would have resulted in such unequal treatment for persons of the same age. Instead, it expressly avoided the anomaly contended for by plaintiff. Section 3(d) as finally passed provides in full as follows:

"(d) Each of such amounts of insurance shall be reduced by 2 per centum thereof at the end of each full calendar month following the date the employee attains age sixty-five, subject to minimum amounts prescribed by the Commission, but not less than 25 per centum of the insurance in force immediately preceding the first reduction provided herein: *Provided,* That the amounts of insurance in force from time to time on an employee who becomes insured under this Act after having attained the age of sixty-five *shall be the same as would be in force had he been insured at age sixty-five,* and shall be based on the lesser of his annual compensation (1) at the time he becomes so insured, or(2) at age sixty-five, provided he was eligible at that time to be insured under this Act." (Last emphasis added.)

Under this language the date a person over 65 first becomes covered is irrelevant for the purpose of determining the amount of that coverage at the time of his death. In all cases the pivotal date is his 65th birthday. His coverage at any time is the same as though he had been covered at age 65 and is identical with that of a same-age person who was in fact covered at that age.

■ We think there can be no dispute that the reduction formula devised by Congress is plain, simple and so free of ambiguity as to leave the courts no choice but to give effect to the plainly expressed legislative intent. When this formula is applied to the facts of this case, it is clear that the deceased was never covered to the full $4,000 which would otherwise have been dictated by the amount of his salary. Exactly what that coverage was when he first became insured is unimportant, for under the Congressional language above quoted the coverage at the time of his death must be determined by the amount of time which had elapsed since his 65th birthday. It is clear that this passage of time has effected a reduction to the minimum coverage allowed for the deceased.

It should also be noted that in return for reductions past the age of 65, Congress also provided that coverage after that age would be without premium cost to the individual.[7] This is in contrast with the first proposal, relied upon by appellant, which would have reduced the coverage sometime after age 65, but which would have expressly continued the personal cost to the insured.[8] This consideration bolsters our view (which is otherwise clear and firm) that the case was correctly decided below.

Affirmed.

---

7. Section 5(a) of the Act.

8. Section 3(d) as proposed in S. 3507, note 5, supra. It is of interest that a witness at the hearing on this bill was of the opinion that if the proposal for free insurance after 65 were adopted, then the proposal for a one-year delay in reductions should also be modified since a person should not have the full insurance free. See note 6, supra. Plaintiff has expressly cited this testimony.